Van Voobhis, J.
(dissenting). The “request” issued by respondent under subdivision 1 of section 73 of the General Business Law had all of the characteristics of a subpoena duces tecum except the name. A legal instrument classifies itself according to its nature, and its character is not determined exclusively by its label. Unless a licensee produces all of the papers demanded under such a statute, he acts at his peril and loses his license automatically if it be later decided by the issuer of the ‘ ‘ request ’ ’ that his omission to comply with its exact terms was unreasonable. Appellant is entitled to an advance determination of this matter in this proceeding, which should be remitted for a hearing on the authority of and for the reasons stated in Matter of Hirshfield v. Craig (239 N. Y. 98). I express no opinion on whether this demand for the production of papers is too broad, which should be decided after a hearing, on appellant’s application. This has nothing to do with the irrelevant material submitted ostensibly in support of appellant’s application to vacate this instrument.
Order affirmed.